# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-3375 FMO (GJSx)** | Date | **June 5, 2017** |
| Title | **Clarence Collins v. Garfield Beach CVS, LLC** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:** (In Chambers) Further Order to Show Cause Re: Remand

On March 29, 2017, plaintiff Clarence Collins ("plaintiff") filed a complaint against Garfield Beach CVS, LLC ("Garfield Beach" or "defendant")[1] and "Does 1-75, inclusive" in Los Angeles County Superior Court. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt 1-1, Exhibit A ("Complaint")). On May 4, 2017, defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332(a) and §§ 1441(a) & (b). (See Dkt. 1, NOR at ¶ 6).

Based on a review of the NOR and its attachments, the court issued an Order to Show Cause Re: Remand ("OSC") questioning whether it was proper to consider Defendant Doe 1 as a "fictitious" defendant for diversity jurisdiction purposes and ordered the parties to "address[] whether this action should be remanded for lack of subject matter jurisdiction." (See Dkt. 11, Court's Order of May 24, 2017 at 1). The court ordered the parties to "identify Defendant Doe 1 and set forth the relevant facts in each party's possession regarding the citizenship of Defendant Doe 1." (See id. at 1-2). Defendant was warned that failure to respond to the OSC by May 31, 2017, would "be deemed as consent to remand the action." (See id.); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). As of the filing date of this order, defendant still has not responded to the OSC. (See, generally, Dkt.). The court will give defendant one final opportunity to respond to the OSC.

Based on the foregoing, IT IS ORDERED THAT:

1. No later than **June 9, 2017**, defendant shall file a Response to this OSC, not to exceed five (5) pages, addressing whether this action should be remanded for lack of subject matter jurisdiction. Among other things, defendant shall identify Defendant Doe 1 and set forth the relevant facts in defendant's possession regarding the citizenship of Defendant Doe 1.

---

[1] The complaint erroneously identified defendant as "CVS Pharmacy, Inc."

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **CV 17-3375 FMO (GJSx)** | Date | **June 5, 2017** |
|---|---|---|---|
| Title | **Clarence Collins v. Garfield Beach CVS, LLC** | | |

2. Failure by defendant to respond to this order to show cause by the deadline set forth above shall be deemed as consent to the remand of the action for lack of subject matter jurisdiction.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |