| Case No. | **CV 17-3375 FMO (GJSx)** | Date | **June 26, 2017** |
|---|---|---|---|
| Title | **Clarence Collins v. Garfield Beach CVS, LLC, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Cheryl Wynn | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order Remanding Action

On March 29, 2017, plaintiff Clarence Collins ("plaintiff") filed a complaint against Garfield Beach CVS, L.L.C. ("Garfield Beach"[1] or "defendant") and "Does 1-75 inclusive" in Los Angeles County Superior Court. (See Dkt. 1, Notice of Removal ("NOR") at ¶ 1; Dkt 1-1, Complaint). On May 4, 2017, defendant removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332(a) and §§ 1441(a) & (b). (See Dkt. 1, NOR at ¶ 6).

Plaintiff alleges that Defendant Doe 1 is "a pharmacist duly licensed to practice his/her profession in the State of California." (See Dkt. 1-1, Complaint at ¶ 4). According to the Complaint, Defendant Doe 1 "was engaged in the filling of prescriptions for drugs for the general public," (see id. at ¶ 8), and "misfilled" plaintiff's prescriptions. (See id. at ¶ 9). As a result, plaintiff alleges that he was "hurt and injured in his health . . . sustaining injury to his nervous system and person[.]" (See id. at ¶ 11).

On May 24, 2017, the court issued an Order to Show Cause Re: Remand requiring the parties to "identify Defendant Doe 1 and set forth the relevant facts in each party's possession regarding the citizenship of Defendant Doe 1" no later than May 31, 2017. (See Dkt. 11, Court's Order of May 24, 2017, at 1-2). The parties failed to respond by the May 31, 2017, deadline, (see, generally, Dkt.), and the court, noting that the defendant always has the burden of establishing that removal is proper, issued another Order to Show Cause Re: Remand ("OSC") on June 5, 2017, requiring defendant to address "whether this action should be remanded for lack of subject matter jurisdiction." (See, Dkt. 12, Court's Order of June 5, 2017, at 1).

On June 9, 2017, defendant responded to the OSC and identified Defendant Doe 1 as Teny Simonians, a California citizen. (See Dkt. 14, Response of Defendant Garfield Beach CVS, L.L.C. to Further OSC Re Remand, ("Response") at 2). Having reviewed the NOR and documents attached thereto, defendant's response to the OSC and the record before the court, the court

---

[1] The complaint erroneously identified defendant as "CVS Pharmacy, Inc."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-3375 FMO (GJSx)** | Date | **June 26, 2017** |
|---|---|---|---|
| Title | **Clarence Collins v. Garfield Beach CVS, LLC, et al.** | | |

hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006). Indeed, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.") (footnote omitted).

A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## DISCUSSION

Federal subject matter jurisdiction may be established on the basis of diversity jurisdiction under 28 U.S.C. § 1332. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states[.]" 28 U.S.C. § 1332(a). Diversity of citizenship must exist both at the time the state-court complaint is filed and the time removal is effected. See Strotek Corp. v. Air Transport Association of America, 300 F.3d 1129, 1131 (9th Cir. 2002) (noting "core principle of federal removal jurisdiction on the basis of diversity – namely, that it is determined (and must exist) as of the time the complaint is filed and removal is effected"); Gonzalez v. Starwood Hotels & Resorts Worldwide, Inc., 2016 WL 6094084, *3 (C.D. Cal. 2016) ("For removal purposes, diversity must exist both at the time the action was commenced in state court and at the time of removal.") (internal quotation marks omitted).

A court should not generally consider the citizenship of fictitious defendants in assessing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-3375 FMO (GJSx)** | Date | **June 26, 2017** |
|---|---|---|---|
| Title | **Clarence Collins v. Garfield Beach CVS, LLC, et al.** | | |

complete diversity for removal purposes. See 28 U.S.C. § 1441(b)(1). However, "when a plaintiff's allegations give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as a company's agent, the court should consider the citizenship of the fictitious defendant." Brown v. TranSouth Fin. Corp., 897 F.Supp. 1398, 1401 (M.D. Ala. 1995) (emphasis added). When a defendant "knew or should have known of the fictitious defendant's identity, because [that person] was employed by [defendant] and acted as an agent" in the events giving rise to the suit, and that individual is not diverse from the plaintiff, removal jurisdiction should be declined. See id. This is because "[i]t would be unfair to force [] plaintiffs from their state court forum into federal court by allowing [a defendant] to plead ignorance about the defendant-employee's identity and citizenship when [a defendant] was in a position to know that information." Id. at 1401-02.

Here, plaintiff's Complaint gave a "definite clue about the identity" of Ms. Simonians. See Brown, 897 F.Supp. at 1401. The Complaint identified the specific store location where Ms. Simonians was employed as a pharmacist, the CVS pharmacy at 2130 N. Bellflower Blvd. in Long Beach, CA. (See Dkt. 1-1, Complaint at ¶ 1, 4-5 & 8). The Complaint also specified a particular date, April 4, 2016, that Ms. Simonians was employed by defendant, (see id. at ¶ 9), making it even more likely that defendant could identify Defendant Doe 1. Indeed, defendant stated in its Response to the OSC that Defendant Doe 1 was "easily identifiable" as a California resident. (See Dkt. 14, Response at 2). In fact, not only was defendant able to easily identify Ms. Simonians as Defendant Doe 1, but defendant even provided the month and year Ms. Simonians began her employment with defendant, November 2006, and the specific city of her residence, Fountain Valley, California. (See id.). In short, there is no dispute that "plaintiff's complaint provide[d] a description of a fictitious defendant in such a way that his or her identity cannot reasonably be questioned[.]" Marshall v. CSX Transp. Co., 916 F.Supp. 1150, 1152 (M.D. Ala. 1995) (remanding action to state court).

Moreover, defendant knew or should have known the identity of Defendant Doe 1 because that person was employed by defendant. See Brown, 897 F.Supp. at 1401. Under the circumstances, it "would be unfair to force . . . plaintiff[] from [his] state court forum into federal court by allowing [defendant] to plead ignorance about the defendant-employee's identity and citizenship when [defendant] was in a position to know that information."[2] Id. at 1401-02; see Tompkins v. Lowe's Home Ctr., Inc., 847 F.Supp. 462, 464 (E.D. La. 1994) (same); Marshall 916

---

[2] Because the court finds that Defendant Doe 1, Teny Simonians, was "an actual person known to both plaintiff[] and defendant[] and was known to be a resident of the same state as plaintiff[]" at the time of removal and declines jurisdiction on that basis, see Brown, 897 F.Supp. at 1401, the court need not address defendant's argument that plaintiff has yet to formally join Simonians as a named defendant. (See Dkt. 14, Response at 2); Arbaugh, 546 U.S. at 514, 126 S.Ct. at 1244 (courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-3375 FMO (GJSx)** | Date | **June 26, 2017** |
|---|---|---|---|
| Title | **Clarence Collins v. Garfield Beach CVS, LLC, et al.** | | |

F.Supp. at 1152.  Accordingly, the matter shall be remanded for lack of subject matter jurisdiction.

    Based on the foregoing, IT IS ORDERED THAT:

    1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    2.  The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | vdr | | |